IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN BOYD GIBSON, III                                                                              PETITIONER

v.                             Civil No. 5:21-cv-05222

BENTON COUNTY DETENTION CENTER                                                    RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the *pro se* habeas corpus petition filed by John B. Gibson, III ("Gibson") under 28 U.S.C. § 2254. Gibson is currently incarcerated in the Benton County Detention Center ("BCDC") in Bentonville, Arkansas. The BCDC has not been ordered to respond to the petition which is before the undersigned for issuance of this Report and Recommendation. For the reasons set forth below, whether construed as a petition for habeas corpus under 28 U.S.C. § 2254, as titled by Gibson, or construed as a habeas petition under 28 U.S.C. § 2241, Gibson is not entitled to habeas corpus relief.

**I. BACKGROUND**

Gibson was arrested on September 10, 2021, by the Gravette Police Department following the revocation of his bond on a charge of possession of a controlled substance and the issuance of two failure to appear warrants by the Circuit Courts of Benton County Arkansas.[1] Gibson is being held in the BCDC on these pending charges.

The subject of Gibson's habeas petition is not these Arkansas charges but rather a 2016 conviction in the case of *State of Texas v. Gibson, III,* Case No. 15-1069-K26, in Williamson

---

[1] https://benton-so-ar.zuercherportal.com/#/inmates (accessed February 7, 2022).

1

County, Texas.  On May 16, 2016, Gibson entered a guilty plea to a felony charge of driving while intoxicated 3rd or more.[2]  According to public records, Gibson was sentenced to five years in the Texas Department of Criminal Justice, but his sentence was suspended, and he was ordered to serve five years probation and perform 112 hours of community service.  In 2017, a motion to revoke Gibson's probation was filed and his conditions of probation were amended.  On October 13, 2020, another motion for probation revocation was filed.  A capias and precept were entered on October 15, 2020, but have not been served and no detainer has been issued.[3]

## II.  DISCUSSION

It is Gibson's desire to have the Texas felony warrant resolved during his current incarceration in Arkansas.  Gibson indicates he has written the Williamson County Court and advised of his current detention in Arkansas but has filed no motions or other requests for relief in Williamson County Court.

### A.  Scope of Relief Under § 2254

Pursuant to 28 U.S.C. § 2254(a), the "court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) narrows federal court review to claims where the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28

---

[2] https://judicialrecords.wilco.org/PublicAccess/CaseDetail.aspx?CaseID=1632245 (accessed February 7, 2022).
[3] As no detainer has been issued, Gibson may not pursue relief under the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, or under 42 U.S.C. § 1983 for an asserted violation of this Act.  *See e.g., Alabama v. Bozeman,* 533 U.S. 146, 151 (2001)(Act gives the prisoner a right to demand a trial within one-hundred-and-eighty-days and a State the right to obtain a prisoner for purposes of trial); *Cuyler v. Adams,* 449 U.S. 433, 450 (1981)(Adams has stated a claim for relief under § 1983 for the asserted violation by state officials of the terms of the Act).

U.S.C. § 2254(d)(1).

The custody requirement of § 2254 is considered jurisdictional. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). Although the use of habeas corpus has not been restricted to those individuals held in actual physical custody, the petitioner must be subject to conditions that significantly restrain his freedom. *Jones v. Cunningham,* 371 U.S. 236, 239 (1963). No such conditions exist in this case. Gibson is in custody in Arkansas solely because of his pending criminal charges in Arkansas; his custody here has nothing whatsoever to do with the Texas felony warrant of which he complains.

Assuming Gibson could satisfy the *in-custody* requirement of the habeas corpus statute, Gibson makes no argument that the Texas warrant (related to possible revocation of his Texas probation) was issued in contravention of the Constitution or the laws of the United States. He does not argue he is currently suffering any adverse or punitive effects because of the existence of the warrant. Rather, the gist of his argument is that it would be beneficial to resolve the Texas warrant during his current Arkansas incarceration. While this is undoubtedly true, Gibson's rights to due process under the Fourteenth Amendment are not triggered until his liberty has been infringed by execution of the Texas warrant. *See e.g., Moody v. Daggett,* 429 U.S. 78, 86 (1976) (No requirement for immediate parole violation hearing before parolee is taken into custody as a parole violator); *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972) ("The revocation hearing must be tendered within a reasonable time **after** the parolee is taken into custody") (emphasis added).

Furthermore, prior to filing a petition for writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires the state courts be given "one full opportunity to resolve any constitutional issues by invoking one complete round

of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S 838, 845 (1999).

It is undisputed that Gibson has not presented his argument to the Williamson County Court with Gibson indicating only that he has advised the Texas court of his incarceration in Arkansas. While the docket sheet reflects a letter was submitted to the Williamson County Court, Gibson has taken no further action – he has not a filed a motion to dismiss the revocation petition for failure to serve the warrant with due diligence or sought dismissal on other grounds. *See e.g., Nguyen v. State,* 109 S.W.3d 820 (Tex. App. 2003) (State did not act with due diligence in apprehending probationer once it knew his whereabouts). For these reasons, Gibson has not exhausted his available state law remedies and this Court's jurisdiction is lacking. 28 U.S.C. § 2254(b) & (c).

B. **Scope of Relief Under § 2241**

As noted, the Court also has considered Gibson's petition under 28 U.S.C. § 2241. Section 2241 extends the writ of habeas corpus to pretrial detainees "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). There is no requirement that the prisoner be in custody pursuant to the judgment of a state court. *Id.* Despite this – absent extraordinary circumstances – a federal court should not interfere with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke,* 649 F.2d 634, 636 (8th Cir. 1981). As discussed above, Gibson does not argue he is being held in violation of the Constitution; instead, he contends it would be expedient and advantageous to resolve the pending felony revocation warrant during his current detention.

While § 2241 does not contain a statutory exhaustion requirement, case law recognizes a

4

judicially crafted doctrine whose hurdle Gibson cannot clear. As stated by the Supreme Court in *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973):

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement. It cannot be used as a blunderbuss to shatter the attempt at litigation of constitutional claims without regard to the purposes that underlie the doctrine and that called it into existence. As applied in our earlier decisions, the doctrine preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, the doctrine preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.

*Id.* at 490-91 (cleaned up). In *Braden,* the Supreme Court allowed a denial of speedy trial claim to proceed where there was an interstate detainer and the petitioner sought to "demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial." *Braden*, 410 U.S. at 489-90. Noting the importance of analyzing both the grounds raised and the relief sought, the Supreme Court observed that petitioner had made repeated demands for a speedy trial in the Kentucky state courts and thus found petitioner had exhausted his state remedies. *Id.* at 489.

Unlike *Braden*, no such circumstances exist here. Gibson seeks relief on an unexecuted probation violation warrant issued by Texas, and Gibson has available, unexhausted state law remedies he may pursue in the Texas courts.

## III. CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Gibson's habeas corpus petition filed pursuant to 28 U.S.C. § 2254, and/or § 2241 be **DENIED** and **DISMISSED**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(c)(1)(A). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based upon the above analysis of Gibson's habeas petition under § 2254 and § 2241, the undersigned does not believe there exists any basis for issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of February 2022.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE